United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-11497

Summary Calendar

_____

In The Matter Of: CARROLL THOMAS HARKNESS

       Debtor

_____

    NCI BUILDING SYSTEMS LP

          Appellant

      v.

    CARROLL THOMAS HARKNESS

          Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
No. 4:05-CV-402

_____

Before KING, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

    Appellant NCI Building Systems, L.P., appeals the order and

judgment of the district court that affirmed the bankruptcy

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

court's order confirming the Chapter 13 plan of debtor-appellee Carroll Thomas Harkness. More specifically, the district court affirmed the bankruptcy court's finding that NCI's claims of misappropriation of corporate opportunity were unliquidated and, therefore, excluded from the eligibility analysis for Chapter 13 filings under 11 U.S.C. § 109(e). For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Carroll Thomas Harkness ("Harkness"), a former vice president for appellant NCI Buildings Systems, L.P. ("NCI"), filed a Chapter 13 bankruptcy petition on January 6, 2004. Prior to the bankruptcy filing, NCI had brought a state court lawsuit against Harkness alleging breach of fiduciary duty, conversion, constructive trust, embezzlement, and misappropriation of corporate opportunity. Just days before his response to NCI's summary judgment motion in state court was due, Harkness filed his bankruptcy petition, triggering the automatic stay of his state court proceedings under 11 U.S.C. § 362(a).

On December 29, 2004, after two previous amendments, NCI filed a proof of claim for $200,000.00 in unsecured debt and $1,188,299.97 in secured debt. 2 R. at 238; see also id. at 243 (describing the underlying collateral subject to constructive trust for the secured debt). The secured portion of its claim was based, inter alia, upon several alleged instances of

Harkness's misappropriation of corporate opportunities that were described in supporting documents attached to the proof of claim. Id. at 239 (itemizing damages). Because the underlying state court action had not yet issued a ruling on NCI's motion for summary judgment at the time of Harkness's bankruptcy filing, it is undisputed that no judgment has issued with respect to NCI's tort claims of misappropriation of corporate opportunity that are the focus of this appeal.

Based on its proof of claim, NCI moved to dismiss Harkness's bankruptcy petition, arguing that Harkness was ineligible for Chapter 13 relief under 11 U.S.C. § 109(e). Section 109(e) provides, in relevant part:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (emphasis added). NCI contended that its misappropriation claims were liquidated because the amount of the claims was readily calculable, regardless of the fact that Harkness disputed them. Harkness filed an objection to NCI's motion to dismiss and sought to have its Chapter 13 plan confirmed by the bankruptcy court, arguing that the misappropriation claims were contingent and unliquidated. Following a hearing, the bankruptcy court found that NCI's claims were both unliquidated and contingent and, therefore, did not

-3-

render Harkness ineligible for relief under Chapter 13 of the Bankruptcy Code. In the same order, the bankruptcy court confirmed Harkness's Chapter 13 plan on March 21, 2005. Upon a subsequent motion for reconsideration, the bankruptcy court again denied NCI's request for dismissal of the Chapter 13 petition on April 21, 2005.[1] The district court affirmed the bankruptcy court's ruling in a Memorandum Opinion and Order on August 18, 2005. On October 20, 2005, the district court denied NCI's motion for reconsideration for the same reasons announced in its previously issued opinion. NCI timely filed its notice of appeal on November 16, 2005.

## II. DISCUSSION

This court has jurisdiction over the instant appeal under 28 U.S.C. § 158(d). We review the district court's decisions under the same standard of review that the district court applied to the bankruptcy court's decisions. See In re Amco Ins., 444 F.3d 690, 694 (5th Cir. 2006); In re Whitaker Constr. Co., 439 F.3d 212, 216 (5th Cir. 2006). Findings of fact are reviewed for clear error, while conclusions of law are reviewed de novo. See Amco Ins., 444 F.3d at 694; Whitaker Constr. Co., 439 F.3d at 216. "A finding is 'clearly erroneous' when although there is

---

[1] As the district noted in its Memorandum Opinion and Order, the parties did not include a transcript of the bankruptcy court hearings for either the initial motion to dismiss or the motion for reconsideration in the record on appeal. 1 R. at 90-91.

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

NCI argues that its misappropriation claims were liquidated because, although disputed by Harkness, the amounts were capable of being precisely determined based on the proof of claim and supporting documents.  Citing In re Visser, 232 B.R. 362, 365 (Bankr. N.D. Tex. 1999), NCI maintains that the district court erred by not presuming the factual predicate for NCI's claims in conducting its liquidity analysis.  In addition to challenging the factual bases of each alleged instance of misappropriation, Harkness responds that the claims are not susceptible to precise determination because there has been no formal evidentiary hearing or judicial decree to fix the amount in any meaningful way.  Therefore, Harkness maintains that there was no legally enforceable liquidated debt at the time of his filing that would render him ineligible for Chapter 13 relief under 11 U.S.C. § 109(e).

As the district court correctly noted, courts generally agree that a debt is liquidated if the amount of the claim is readily ascertainable, whether it is contested or not.[2]  See In

_____

[2]  NCI does not dispute the district court's recitation of this legal standard to determine whether the misappropriation claims were liquidated.  Rather, NCI argues that the district court reached a result that conflicted with the applicable

-5-

re Horne, 277 B.R. 320, 322 (Bankr. E.D. Tex. 2002) ("A debt is liquidated if the amount due and the date on which it was due are fixed or certain, or when they are ascertainable by reference to (1) an agreement or (2) to a simple mathematical formula."); see also In re Pulliam, 90 B.R. 241, 246 (Bankr. N.D. Tex. 1988) ("Because Congress did not insert the term disputed in § 109(e), disputed debts must be counted in determining whether a petitioner may be a debtor under Chapter 13.").  In affirming the bankruptcy court's ruling, however, the district court found that NCI's misappropriation claims were unliquidated because debts based on tort are generally unliquidated unless and until resolved by judicial decree or otherwise fixed in some meaningful way.  See Denham v. Shellman Grain Elevator, Inc., 444 F.2d 1376, 1380 (5th Cir. 1971) (describing tort and quantum meruit claims as unliquidated because they "by their very nature are not fixed unless and until juridical award to fix liability and amount"); see also 2 COLLIER ON BANKRUPTCY ¶ 109.06[2][c] (15th ed. rev. 2005) ("A debt is not liquidated if there is a substantial dispute regarding liability or amount.").  Based on our review of the record and the parties' arguments, we conclude that the district court did not clearly err in affirming the bankruptcy court's rulings that NCI's misappropriation claims were unliquidated

standard based on the facts underlying its proof of claim.

-6-

under § 109(e).[3]

We additionally note that NCI's reliance on In re Visser for the proposition that the district court must presume the factual predicate for NCI's claims is misplaced. Ordinarily, the bankruptcy court will not look beyond the amounts asserted by the debtor in the debtor's schedules in conducting the § 109(e) eligibility analysis, unless it finds that the schedules were not filed in good faith. See 2 COLLIER ON BANKRUPTCY ¶ 109.06[3] (citing In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001)). Moreover, in Visser, the debtor failed to object to the creditor's proof of claim and actually admitted to the misappropriation of corporate funds underlying the creditor's claim. See Visser, 232 B.R. at 363. In dismissing the Chapter 13 petition, the court concluded that the claim was liquidated for purposes of the eligibility determination under § 109(e) because determining the amount due on the claim did not involve the use of judgment or discretion, but rather "simple arithmetic" to add up the amount of money from each instance of embezzlement to determine the total amount of the claim. Id. at 365. In contrast, Harkness both objected to the proof of claim and

---

[3] We also conclude that NCI's argument that the court's determination somehow created a per se rule that all tort claims not reduced to an enforceable judgment are unliquidated is wholly without merit. The district court narrowly concluded that NCI had not sufficiently proven the factual predicate for its claim, and we can locate no indication of any such broad legal pronouncement in its opinion and order.

-7-

contests each alleged instance of misappropriation of corporate opportunity. As a result, absent any formal evidentiary findings, the misappropriation claims were not susceptible to precise determination with the use of simple arithmetic. See In re Pearson, 773 F.2d 751, 756 (6th Cir. 1985) (holding that "the fact that evidence must be taken to determine the amount of the claim indicates that, until then, the claim was unliquidated" for the purposes of the § 109(e) eligibility analysis). Therefore, the district court did not err in stating that NCI had not sufficiently met its burden to demonstrate that its misappropriation claims were unliquidated.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.